FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 SEP 29  AM 8: 40

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
SEPTEMBER 28, 2004

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD D. KENNEDY & SALLY S. KENNEDY | CIVIL ACTION |
| VERSUS | NO: 03-2691 |
| VICTORIA'S SECRET STORES, INC., WORLD FINANCIAL NETWORK NATIONAL BANK, DEMETRIUS LEFTWICH, and EXPERIAN INFORMATION SOLUTIONS, INC. | SECTION: "J"(1) |

Before the Court is a Rule 12(c) Motion for Judgment on the Pleadings filed by Defendants, Victoria's Secret Stores, Inc., World Financial Network National Bank and Demetrius Leftwich.

### BACKGROUND

The Plaintiffs in this action consist of Sally Kennedy and her husband, Richard Kennedy.  Sally Kennedy (Plaintiff) purchased an

DATE OF ENTRY
SEP 2 9 2004

Fee_____
Process____
Dktd____
CtRmDep____
Doc. No.____

item in a Victoria's Secret (VS) store in August, 2002.[1]
Plaintiff maintains that while at the sales counter she presented
her American Express card for the sole purpose of purchasing her
selected item.[2]    Plaintiff alleges that during the process of
purchasing her selected item, the VS store clerk surreptitiously
and without her permission, opened a VS credit card account in her
name.[3]  At the time of purchase, Plaintiff believed the item had
been charged to her American Express card.   Plaintiff maintains
that she was not aware that the VS account had been opened or that
her purchased item had been charged to the VS account until she
received a VS credit card and a statement for her purchase in the
mail.

     Thereafter, Plaintiff returned the "cut up" credit card to VS
with instructions to close the account.[5]    Plaintiff allegedly
disputed the charge for the purchase with VS and World Financial
Network National Bank (WFNNB), the source of the bill, and refused

---

[1] Complaint, p.2.

[2] *Id.*

[3] *Id.* at p.2-3.

[4] *Id.* at p.3.

[5] *Id.*

2

to pay on the account.[6]  Plaintiff alleges that WFNNB subsequently
reported the account as delinquent and as a charge off to the
national reporting agencies.[7]  Plaintiff later contacted Experian
Information Solutions (Experian) and obtained a copy of her credit
report.  Soon thereafter, Plaintiff notified Experian by letter
that she disputed the item because she did not have an account with
WFNNB/VS.[8]  On September 26, 2003 Plaintiffs, proceeding *pro se*,
filed this complaint seeking damages for alleged violations of the
Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Truth In
Lending Act, 15 U.S.C. § 1631, the National Bank Act, 12 U.S.C. §
86 and the Louisiana Consumer Credit Law, La. R.S. § 9:3510.  Named
as defendants were VS, WFNNB, Demetrius Leftwich (an employee of
WFNNB) and Experian.  Defendant Experian was dismissed from this
suit on March 3, 2004 and the remaining defendants are now moving
for judgment on the pleadings pursuant to Federal Rule of Civil
Procedure 12(c).

Plaintiffs allege separate claims against VS and WFNNB under
the FCRA, namely, §§ 1681b, 1681i, and 1681s-2(b). Plaintiffs also
allege that VS and WFNNB violated the Truth in Lending Act, 15

---

[6] *Id.*

[7] Complaint, p.3.

[8] Complaint, Exh. 5.

U.S.C. § 1601 et seq., by not issuing required disclosures and issuing a credit card to Sally Kennedy without her express consent. Further, Plaintiffs allege that VS and WFNNB violated the Louisiana Consumer Credit Law, Louisiana Revised Statute section 9:3510 et seq. by not complying with La. R.S. § 9:3562. Also, Plaintiffs assert that WFNNB violated the National Bank Act by charging usurious interest. Finally, Plaintiffs assert that WFNNB and Demetrius Leftwich violated La. R.S. § 9:3562, and they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by claiming to be a "bank inspector." VS, WFNNB and Demetrius Leftwich assert that they are entitled to Judgment on the Pleadings on the grounds that no genuine issues of material fact exist, and Defendants are entitled to judgment as a matter of law.[9] Plaintiffs oppose the motion.[10]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that a party may move for a judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on

---

[9] Rec. Doc. 14.

[10] Rec. Doc. 16.

4

the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.[11] "Pleadings should be construed liberally and a judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain."[12] The district court may dismiss a claim when it is obvious that the plaintiff cannot prove facts in support of his claim that would entitled him to relief.[13] When analyzing the complaint, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[14] The court does not "accept as true conclusory allegations or unwarranted deductions of fact."[15] "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could

---

[11] Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted).

[12] *Great Plains Trust Co.*, 313 F.3d at 312 (citations omitted).

[13] *Id.*

[14] *Id.* at 312-13.

[15] *Id.* at 313 (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)).

5

prove consistent with the allegations in the complaint."[16]

### DISCUSSION

### Plaintiffs' Fair Credit Reporting Act Claims

To decide whether plaintiffs' FCRA claims are viable, it must be determined whether VS or WFNNB are the types of entities covered by the Act. "The FCRA imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies."[17]  15 U.S.C. § 1681a(d)(2)(f) defines the term "consumer reporting agency" as

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

The pleadings indicate that neither VS, nor WFNNB are "consumer reporting agencies" as defined by the Act. Although the FCRA fails

---

[16] *Id.* (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).

[17] Thomasson v. Bank One, Louisiana, 137 F. Supp. 2d 721, 722 (E.D. La. 4/4/01).

to define what constitutes a "furnisher of information,"[18] jurisprudence indicates that VS and WFNNB are properly classified as such.[19] Consequently, Plaintiffs' claims under the FCRA against VS and WFNNB apply to them only as "furnishers of information."

In the complaint, Plaintiffs allege that defendants VS and WFNNB violated the provisions of the Fair Credit Reporting Act by: (a) obtaining a credit report on Sally Kennedy for other than a permissible purpose, in violation of 15 U.S.C. § 1681b; (b) not properly investigating a disputed item or giving consideration to information provided by the consumer, in violation of § 1681i; and (c) not correcting inaccurate information reported to a consumer reporting agency in violation of § 1681s-2.[20]

(a) § 1681b: Permissible Purpose

Section 1681b(f) provides that a "person shall not use or obtain a consumer report for any purpose **unless . . .** the consumer report is **obtained for a purpose** for which the consumer report is

---

[18] *Id.* at 723.

[19] *See* Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999) (defining "furnisher of information" as an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency); *see also Thomasson*, 137 F. Supp. 2d at 723; DiMezza v. First USA Bank, Inc., 103 F. Supp. 2d 1296, 1300 (D.N.M. 5/1/00) (adopting the definition from *Carney*).

[20] Complaint, p.3-5.

7

**authorized to be furnished under this section . . . ."** Under §
1681b(a)(3)(A), a consumer report may be issued to a person that a
consumer reporting agency has reason to believe "intends to use the
information in connection with a credit transaction involving the
consumer on who the information is to be furnished and involving
the extension of credit to, or review or collection of an account
of, the consumer . . . ." Although not specifically stated within
the pleadings, the facts of this case indicate that the consumer
report allegedly obtained by VS and WFNNB was obtained for the
purposes of using the information to extend credit or to review or
collect on an account.[21]  Therefore, Plaintiffs' claims under 15
U.S.C. § 1681b should be dismissed.

(b) § 1681i: Improper Reinvestigation & Consideration

Section 1681i imposes obligations and duties on consumer
reporting agencies.   Specifically, Section 1681i(a) "requires
**consumer reporting agencies** to reinvestigate disputed information
and to delete such information if it is inaccurate or cannot be
verified."[22]  Duties imposed on "furnishers of information" fall

---

[21] Plaintiff allegedly received a credit card in the mail
from VS and subsequently received a statement from WFNNB
indicating that she purchased items with a VS card.  Complaint,
3.

[22] Moore v. Equifax Information Services LLC, 2004 WL
1908137, at *2 (N.D.Ga. 8/23/04) (emphasis added).

8

under separate sections of the FCRA.[23] As discussed above, VS and WFNNB are not consumer reporting agencies, but are furnishers of information. Thus, Plaintiffs' claims under 15 U.S.C. § 1681i should be dismissed.

(c) § 1681s-2(b): Not Correcting Inaccurate Information

Section 1681s-2(b) "explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher." The FCRA establishes a duty for a consumer reporting agency to provide notice of a dispute to a "furnisher of information" within five business days from the time the consumer notifies the consumer reporting agency of the dispute.[24] This "notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)."[25] Plaintiffs do not allege that VS or WFNNB received notice of a dispute from a consumer reporting agency within five days, as is required to trigger their duties under Section 1681s-2(b). Because Plaintiffs have not alleged that the notice element was satisfied, their Section 1681s-2(b) claim

---

[23] *See, e.g.,* Young v. Equifax Credit Information Services, Inc., 294 F.3d 631, 639 (5th Cir. 2002) (stating that Section 1681s-2(b) imposes duties on furnishers of information).

[24] *See Young*, 294 F.3d at 639 (citing 15 U.S.C. § 1681i(a)(2)).

[25] *Id.*

fails as a matter of law and should be dismissed.

**Plaintiffs' Truth in Lending Claims**

The statute of limitation found in the Truth in Lending Act
("TILA") provides that "[a]ny action under this section may be
brought in any United States district court . . . within one year
from the date of the occurrence of the violation."[26]   Defendants
argue that the alleged violation, i.e., not providing Ms. Kennedy
with the disclosure required by failing to discuss terms of the
credit offer and failing to provide a temporary credit card or
account number, occurred in August of 2002.   The present lawsuit
was not filed until September 26, 2003, more than one year after
the date of the alleged violation.   Responding to Defendants'
motion, Plaintiffs concede that claims arising from a violation
occurring more than one year prior to the filing of the complaint
are barred by the one year statute of limitations.   Thus, the TILA
claims brought by Plaintiffs against VS and WFNNB for failing to
discuss terms of the credit offer and failing to provide a
temporary credit card or account number, which occurred more than
one year prior to the filing of the complaint, should be dismissed.

Despite the fact that Plaintiffs' claims pertaining to the
credit offer and failure to provide a temporary card or account

---

[26] 15 U.S.C. § 1640(e); Federal Deposit Ins. Corp. v.
Enventure V, 77 F.3d 123, 125 (5th Cir. 1996).

10

number are prescribed, Plaintiffs argue that some of the Truth in Lending violations occurred within one year of the filing of the complaint.  Specifically, Plaintiffs allege that within the one year period before the suit was filed WFNNB (1) failed to properly investigate the disputed item and (2) reported the item as delinquent.[27]  "To trigger a creditor's obligation to investigate and verify the disputed billing statement, a consumer must send written notice to a creditor of the alleged error."[28]  Further, the "notice must be received by the creditor within 60 days of the creditor's transmission of the statement containing the alleged error."[29]  Plaintiffs' complaint states that the merchandise was purchased sometime in August 2002.[30]  Assumably, Plaintiffs received the allegedly defective statement sometime after the sales transaction.  Plaintiffs sent written notice of the alleged error to WFNNB on October 4, 2002.[31]  Thus, Plaintiffs' notice was timely because it was sent within 60 days of receiving the statement that

---

[27] Memorandum in Opposition to Motion for Judgment on the Pleadings, p.5.

[28] Dawkins v. Sears Roebuck & Co., 109 F.3d 241, 243 (5th Cir. 1997) (citing 15 U.S.C. § 1666(a)).

[29] *Dawkins*, 109 F.3d at 243.

[30] Exhibit 3 of the Complaint specifically provides August 3, 2002 as the date on which Plaintiff purchased the merchandise.

[31] Complaint, Exh. 1.

11

reflects the alleged billing error. Therefore, the TILA claims brought against WFNNB concerning the failure to properly investigate the item and reporting the item as delinquent are not barred by the statute of limitations. As noted above, a Rule 12(c) motion is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.[32] WFNNB's alleged failure to properly investigate the disputed item and reporting the item as delinquent are questions of fact that cannot be decided based on the pleadings, therefore, these two TILA claims cannot be dismissed insofar as WFNNB is concerned. However, for the reasons stated above, the remaining TILA claims alleged against WFNNB and all TILA claims alleged against VS should be dismissed.

**Plaintiff's Louisiana Consumer Credit Law Claims**

Plaintiffs allege that VS and WFNNB violated Louisiana Revised Statute section 9:3562. Specifically, the statute states that "the creditor, including, but not limited to the creditor in a consumer credit transaction, shall not contact any person other than an extender of credit or credit reporting agency who is not living, residing, or present in the household of the debtor regarding the

---

[32] Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted).

debtor's obligation to pay a debt." Plaintiffs allege that WFNNB called plaintiffs at home and at work on numerous occasions.[33] Plaintiffs' allegation is an issue of fact, which for the purposes of a Rule 12(c) motion must be viewed in a light most favorable to the Plaintiffs. Consequently, Plaintiffs should be entitled to offer evidence to support their claim against WFNNB. Notably, with the exception of Plaintiffs' unsupported conclusory allegations, no facts have been alleged against VS with respect to the Louisiana Consumer Credit Law claims, therefore, Plaintiffs' claims against VS under Louisiana Revised Statute section 9:3562 should be dismissed.

## Plaintiffs' National Bank Act Claims

Plaintiffs allege that WFNNB violated the National Bank Act by charging usurious interest.[34] In order to avail oneself of the National Bank Act, 12 U.S.C. §§ 85-86, "the plaintiff must allege that the national bank . . . charged a rate of interest greater than that allowed by the laws of the state where the bank is located."[35] Plaintiffs fail to state the rate of interest charged

---

[33] Complaint, p.4.

[34] Complaint, p.6.

[35] See Carson v. H&R Block, Inc., 250 F. Supp. 2d 699, 673 (S.D. Miss. 1/29/03) (quoting West Virginia v. Parrish Automobile Training Co., 147 F. Supp. 2d 470 (N.D. W.Va. 5/3/01)).

13

and the rate of interest allowed by law of the state where WFNNB is located. The only statement made pertaining to the improper interest rate consists of Plaintiffs' assertion that WFNNB charged "usurious interest to the plaintiff."[36] When considering a Rule 12(c) motion, the court does not accept as true conclusory allegations or unwarranted deductions of fact. Because Plaintiffs assert no factual basis demonstrating how WFNNB engaged in charging usurious interest, Plaintiffs' claims under the National Bank Act should be dismissed.

**Plaintiff's Fair Debt Collections Practices Act Claims**

Plaintiffs allege that WFNNB and its employee, Demetrius Leftwich violated the Fair Debt Collections Practices Act ("FDCPA") by calling the Plaintiffs and fraudulently claiming to be a "bank inspector." The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors."[37] Section 1692f of the Act lists "specific unfair or unconscionable conduct that is prohibited."[38] The prohibited conduct listed does not include impersonation of a bank inspector via telephonic communication. Consequently,

---

[36] Complaint, p.6.

[37] *See Thomasson*, 137 F. Supp. 2d 721, 723 (E.D.La. 4/4/01)(citing 15 U.S.C. § 1692(e)).

[38] Goswami v. American Collections Enterprise, Inc., 377 F.3d 488, 493 (5th Cir. 2004).

Plaintiffs' claim under the FDCPA should be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Rule 12(c) Motion for Judgment on the Pleadings is **granted** with respect to Plaintiffs' claims under the Fair Credit Reporting Act, and Plaintiffs' Fair Credit Reporting Act claims are **dismissed;**

**IT IS FURTHER ORDERED** that Defendant's Rule 12(c) Motion for Judgment on the Pleadings is **granted** with respect to Plaintiffs' claims under the Truth in Lending Act asserted against VS, and Plaintiff's Truth in Lending Act claims asserted against VS are **dismissed;**

**IT IS FURTHER ORDERED** that Defendants' Rule 12(c) Motion for Judgment on the Pleadings is **denied** only with respect to Plaintiffs' claims against WFNNB under the Truth in Lending Act for failure to properly investigate the disputed item and report the item as delinquent, and Defendants' Rule 12(c) Motion for Judgment on the Pleadings is **granted** with respect to all other Truth in Lending Claims asserted against WFNNB, and those claims are **dismissed;**

**IT IS FURTHER ORDERED** that Defendants' Rule 12(c) Motion for Judgment on the Pleadings is **denied** with respect to Plaintiffs'

15

Louisiana Consumer Credit Law claims against WFNNB, and **granted** with respect to VS, and Plaintiffs' Louisiana Consumer Credit Law claims against VS are **dismissed;**

**IT IS FURTHER ORDERED** that Defendants' Rule 12(c) Motion for Judgment on the Pleadings is **granted** with respect to Plaintiffs' National Bank Act claims, and Plaintiffs' claims under the National Bank Act are **dismissed;**

**IT IS FURTHER ORDERED** that Defendants' Rule 12(c) Motion for Judgment on the Pleadings is **granted** with respect to Plaintiffs' Fair Debt Collections Practices Act claims, and Plaintiffs' claims under the Fair Debt Collections Practices Act are **dismissed.**

* * * * * * * * * * * * *

16